IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADIAHA STRANGE, et al.,<br>AISHA PHILLIPS, et al.,<br>ADRIAN NICHOLSON, et al.,<br>AMELIA GREEN, et al.,<br>ASIA ARCHIE, et al.,<br>ALEXIS CANNON, et al.,<br>Plaintiffs,<br><br>v.<br><br>SELECT MANAGEMENT<br>RESOURCES, LLC, et al.,<br>Defendants. | Civil Action Nos.<br>1:19-cv-321-CCE-JEP<br>1:19-cv-325-CCE-JEP<br>1:19-cv-519-CCE-JEP<br>1:19-cv-670-CCE-JEP<br>1:19-cv-575-CCE-JEP<br>1:19-cv-823-CCE-JEP |

**DEFENDANTS' RESPONSE TO PLAINTIFFS'
MOTION TO LIFT STAY**

NOW COME Defendants, Select Management Resources, LLC ("Select"), Anderson Financial Services, LLC ("Anderson"), LoanMax, LLC ("Loan Max"), LoanSmart, LLC ("Loan Smart"), Kipling Financial Services, LLC ("Kipling"), and North American Title Loans, LLC ("North American") (collectively, "Defendants") through their counsel, and submit this Response to Plaintiffs' Motion to Lift Stay submitted on December 23, 2019.

**STATEMENT OF RELEVANT FACTS**

Defendants agreed to settle the claims of 500 individual Plaintiffs in early December. Although Plaintiffs correctly state that each Mutual Release and Confidentiality Agreement (the "Agreements") set a beginning payment

date of December 10, 2019, the Agreements also provide that late payments shall incur a liquidated damages amount of $15.00 per day, per unpaid Plaintiff, following December 17, 2019.

On December 13, 2019, counsel for Plaintiffs was informed that there would be a delay in Defendants' ability to make all of the agreed-upon payments by December 17, 2019, but that Defendants were committed to fulfilling their payment obligations and would do so with the agreed-upon liquidated damages.

Since that time, Defendants have paid the agreed-upon settlement amounts for more than 50% of the 500 Plaintiffs, including all applicable liquidated damages, and continues to make payments under the remaining Agreements. Moreover, Defendants have returned the titles with the liens released and marked all disputed contracts as paid for all of the Plaintiffs who have agreed to sign the Agreements. During the payment period, when Plaintiffs' counsel has identified particular Plaintiffs who were subject to unique hardship due to late payment, Defendants prioritized those payments. Exhibit 1 to the Declaration of Kenneth R. Wayco, filed contemporaneously herewith, is a true and accurate list of the Plaintiffs who have received their payments, plus the appropriate liquidated damages for late payments, under the Agreements.

Defendants have acted to fulfill their obligations under the Agreements to the best of their constrained ability, and fully intend to continue doing so.

## ARGUMENT

Plaintiffs' Motion is overbroad and premature. Of the 516 Plaintiffs listed in Plaintiffs' Exhibit 1 [D.E. 67-1], eleven of those individuals were not included in the December Agreements, and 251 of them have received their payments, rendering the Motion moot as to their individual claims. Indeed, the Plaintiffs who have received their payments and titles are obligated under the terms of the Agreements to dismiss their claims within thirty days of receiving their payments, which they have not done as of the time of this filing.

Furthermore, Defendants are still making consistent efforts to comply with the Agreements and are abiding by the agreed-upon liquidated damages provision in the Agreements. Defendants have endeavored to keep Plaintiffs informed of Defendants' intentions and progress, and have worked with Plaintiffs where there were errors in payments made or title transfers. At this point in time, lifting the stay to involve the Court in an ongoing settlement process that is still being pursued in good faith is premature.

## CONCLUSION

For the reasons set forth herein, Defendants ask this Court to deny Plaintiffs' Motion to Lift Stay.

Respectfully submitted this the 13th day of January, 2020.

/s/ Catherine R. L. Lawson
Catharine Biggs Arrowood
N.C. State Bar No. 6984
Melanie Black Dubis
N.C. State Bar No. 22027
Catherine R. L. Lawson
N.C. State Bar No. 44574
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 828-0564
Facsimile: (919) 834-4564
Email: catherinelawson@parkerpoe.com
      melaniedubis@parkerpoe.com
      cbarrowood@parkerpoe.com

*Attorneys for Defendant*

# **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that the foregoing document complies with the word count limits contained in LR 7.2(f)(1)(A). The word processing software used to prepare this brief was Microsoft Word for Office 365.

/s/ Catherine R. L. Lawson
Catherine R. L. Lawson
N.C. State Bar No. 44574
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 828-0564
Facsimile: (919) 834-4564
Email: catherinelawson@parkerpoe.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Defendants' Response to Plaintiffs' Motion to Lift Stay was electronically filed with the Clerk of the Court by using the CM/ECF System which will automatically send notice of the filing to the following counsel:

> James Robert Faucher
> Brown, Faucher, Peraldo & Benson, PLLC
> 822 N. Elm St., Ste. 200
> Greensboro, NC 27401
> Email: james@greensborolawcenter.com
> *Counsel for Plaintiffs*
>
> Scott F. Wyatt
> Donavan J. Hylarides
> Wyatt Early Harris Wheeler LLP
> 1912 Eastchester Drive, Suite 400
> High Point, NC 27265
> Email: swyatt@wehwlaw.com
>      dhylarides@wehwlaw.com
> *Counsel for Defendants*

This the 13th day of January, 2020.

> /s/ Catherine R. L. Lawson
> Catherine R. L. Lawson
> N.C. State Bar No. 44574
> PARKER POE ADAMS & BERNSTEIN LLP
> 301 Fayetteville Street, Suite 1400
> Raleigh, North Carolina 27601
> Telephone: (919) 828-0564
> Facsimile: (919) 834-4564
> Email: catherinelawson@parkerpoe.com
>
> *Attorneys for Defendants*