## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADIAHA STRANGE, et al.,<br>AISHA PHILLIPS, et al.,<br>ADRIAN NICHOLSON, et al.,<br>AMELIA GREEN, et al.,<br>ASIA ARCHIE, et al.,<br>ALEXIS CANNON, et al.,<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>SELECT MANAGEMENT<br>RESOURCES, LLC, et al.,<br>　　　　　　　　Defendants. | Civil Action Nos.<br>1:19-cv-321-CCE-JEP<br>1:19-cv-325-CCE-JEP<br>1:19-cv-519-CCE-JEP<br>1:19-cv-670-CCE-JEP<br>1:19-cv-575-CCE-JEP<br>1:19-cv-823-CCE-JEP |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEAL EXHIBIT 1 TO THE DECLARATION OF KENNETH WAYCO

Defendants, by and through counsel, submit this Memorandum in Support of their Motion to Seal Exhibit 1 to the Declaration of Kenneth Wayco (the "Declaration") in the above-captioned cases. The Motion should be granted because Exhibit 1 to the Declaration contains information designated as "Confidential" under the terms of the Mutual Release and Confidentiality Agreements signed by Defendants and 500 Plaintiffs. Any alternatives are inadequate to protect the confidential information and still provide the Court with the necessary information to review the Exhibit.

## ARGUMENT

## I.  The Document and Information for which Protection is Requested.

Defendants seek to seal <u>Exhibit 1</u> because it contains confidential terms of settlement agreements.

## II.  The Motion To Seal Does Not Violate The Common Law And First Amendment Right To Access.

A motion to seal should be granted when the right to access to the documents, as protected by both the common law and the First Amendment, is not violated. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).  The court begins with a presumption of a public's right to access; however, this presumption may be overcome when there is a competing interest that outweighs the interest to access.  *Id.*

Here, the parties' interest in protecting confidential settlement information outweighs the public's interest in knowing the terms and conditions of the parties' settlement agreements.  There is no proper purpose or public service that could be achieved by public disclosure of those terms and conditions.  The interest in keeping settlement terms confidential outweighs the minimal interest of the public in this information and, therefore, overcomes the presumption to access of the public to this information.

## III.  The Alternative to Sealing are Inadequate.

The alternatives to sealing are insufficient.  An alternative to sealing would be redacting specific sensitive information from the Court's copy of the filings. However, the purpose of the inclusion of this information is so the Court may fully

evaluate Defendants' progress in meeting its settlement obligations which are the subject of Plaintiff's pending Motion to Lift Stay. These terms must be permanently sealed to maintain the agreed-upon confidentiality terms.

## IV.     The Requirements of the Court's Local Rule have been Met.

Defendants have met the requirements of LR 5.4 by (1) specifying the reasons why sealing is necessary; (2) explaining the reasons why alternatives to sealing are inadequate; (3) addressing how this request overcomes the common law and First Amendment presumption to access; (4) stating whether permanent sealing is sought; and (5) affirming that this motion is made with consent of the Plaintiffs.

Accordingly, Defendants request that the Motion to Seal be granted, and Exhibit 1 to the Declaration of Kenneth Wayco be maintained under permanent seal.

This the 13th day of January, 2020.

/s/ Catherine R. L. Lawson
Catharine Biggs Arrowood
N.C. State Bar No. 6984
Melanie Black Dubis
N.C. State Bar No. 22027
Catherine R. L. Lawson
N.C. State Bar No. 44574
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 828-0564
Facsimile: (919) 834-4564
Email: catherinelawson@parkerpoe.com
        melaniedubis@parkerpoe.com
        cbarrowood@parkerpoe.com
*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that the foregoing document complies with the word count limits contained in LR 7.2(f)(1)(A). The word processing software used to prepare this brief was Microsoft Word for Office 365.

/s/ Catherine R. L. Lawson
Catherine R. L. Lawson
N.C. State Bar No. 44574
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Telephone: (919) 828-0564
Facsimile: (919) 834-4564
Email: catherinelawson@parkerpoe.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SEAL EXHIBIT 1 TO THE DECLARATION OF KENNETH WAYCO** was electronically filed with the Clerk of Court by using the CM/ECF System which will automatically send notice of filing addressed as follows:

> James Robert Faucher
> Brown, Faucher, Peraldo & Benson, PLLC
> 822 N. Elm St., Ste. 200
> Greensboro, NC 27401
> Email: james@greensborolawcenter.com
> *Counsel for Plaintiffs*
>
> Scott F. Wyatt
> Donavan J. Hylarides
> Wyatt Early Harris Wheeler LLP
> 1912 Eastchester Drive, Suite 400
> High Point, NC 27265
> Email: swyatt@wehwlaw.com
>         dhylarides@wehwlaw.com
> *Counsel for Defendants*

This the 13th day of January, 2020.

> /s/ Catherine R. L. Lawson
> Catherine R. L. Lawson
> N.C. State Bar No. 44574
> PARKER POE ADAMS & BERNSTEIN LLP
> 301 Fayetteville Street, Suite 1400
> Raleigh, North Carolina 27601
> Telephone: (919) 828-0564
> Facsimile: (919) 834-4564
> Email: catherinelawson@parkerpoe.com
>         melaniedubis@parkerpoe.com
>         cbarrowood@parkerpoe.com
> *Attorneys for Defendants*