IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADIAHA STRANGE, et al. | 1:19-CV-321 |
| AISHA PHILLIPS, et al. | 1:19-CV-325 |
| ADRIAN NICHOLSON, et al. | 1:19-CV-519 |
| AMELIA GREEN, et al. | 1:19-CV-670 |
| ASIA ARCHIE, et al. | 1:19-CV-575 |
| ALEXIS CANNON, et al., | 1:19-CV-823 |
| Plaintiffs, | |
| v. | |
| SELECT MANAGEMENT RESOURCES, LLC, et al., | |
| Defendants. | |

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION

NOW COME Plaintiffs, through their counsel and pursuant to Local Rule 7.3, and respectfully submit this Response to the Motion (Doc. 98) of Defendants for the Court to reconsider its Order (Doc. 97) relating to certain Plaintiffs' motion to enforce settlement. For the reasons stated herein, the Court should decline Defendants' request.

## STATEMENT OF FACTS

Geneva Jeffries, Dorothy Owens-Young, Stephanie McCollum and Noelle Mukoma have received payment from Defendants and have agreed to dismiss their claims. (Faucher Dec. ¶ 1) The remaining Plaintiffs at issue are Derik McGee, Kimberly Fuller, Kimberly Arrington, Lester Pitt, and Michael Price. (Faucher Dec. ¶ 2) Kimberly Fuller and Derik McGee are co-borrowers and seek one joint judgment. (Faucher Dec. ¶ 3) McGee/Fuller, Arrington, Pitt and Price each accepted Defendants' offer of settlement on November 27, 2019. (Faucher Declaration ¶ 2, Ex. A) The accepted offers included an express term that payment would be made by December 10, 2019 or defendants would be subject to a $15 per day late fee. (Faucher Dec. ¶ 2)

Despite repeated assurances that payments were forthcoming, Defendants failed to make the payments to McGee/Fuller, Arrington, Pitt or Price in December, January, February, or March. Defendants wired partial payments to McGee/Fuller, Arrington, Pitt and Price to Plaintiffs' Counsel's trust account on April 7, 2020. (Faucher Dec. ¶ 5) By email correspondence, Counsel for Defendants instructed counsel for Plaintiffs to return the funds if the partial payment is not accepted as payment in full. (Faucher Dec. ¶ 5) McGee/Fuller, Arrington, Pitt, and Price do not accept partial payment as payment in full. (Faucher Dec. ¶ 6)

## ARGUMENT

Rule 59 (e), Federal Rules of Civil Procedure, governs motions to alter or amend a judgment. The Fourth Circuit has set forth three grounds for amending an earlier judgment: 1) to accommodate a change in controlling law; 2) to account for new evidence; or 3) to correct a clear error of law or to prevent a manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Reconsideration is an extraordinary remedy that should be used sparingly. *Id.* Reconsideration is discretionary, not automatic and is appropriate only when justice requires it. *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (holding that "a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider."). Unless motions to reconsider are 'strongly convincing' they will not be rewarded. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988) (observing that motions to reconsider are "not a license … to get a second bite at the apple.")

Defendants advance two arguments: (1) that some of the unpaid Plaintiffs were not listed on the exhibit to the Motion to Enforce; and (2) that the unpaid Plaintiffs were not on a list that Defendants used to make payments. Each argument will be addressed in turn.

### A. The Omission of Ms. Fuller from the list of movants does not justify reconsideration.

Dorothy Owens Young and Geneva Jeffries have been paid and are no longer seeking to enforce settlement. As to those Plaintiffs, Defendants' motion is moot. With regard to Kimberly Fuller, Defendants are correct that Fuller was not separately listed as a movant. Ms. Fuller is a co-borrower with Derik McGee (who was listed), and seeks to enforce one joint settlement with Mr. McGee. The Court's analysis of Ms. Fuller's settlement would be the same as Mr. McGee's settlement. Defendants have stated no basis as to how or why settlement could be enforced as to Mr. McGee and not as to Ms. Fuller. Further, the fact that Ms. Fuller and Mr. McGee are co-borrowers was known to Defendants by at least November 27, 2019 because McGee and Fuller jointly accepted the settlement offer (and presumably earlier given that Defendants made a joint motor vehicle title loan to McGee and Fuller). The omission of Fuller from the list of movants is not change in law or facts that would justify reconsideration.

### B. <u>Defendants' new objection to enforcement of settlements that were accepted in November is untimely and without merit.</u>

Defendants' claim that the unpaid Plaintiffs were not part of the settlements to be paid on December 10, 2010 is wholly inappropriate for a motion for reconsideration. Defendants could have advanced this argument

in Defendants' Response to Plaintiffs' Motion to Enforce Settlement. They did not. A motion for reconsideration is not an avenue to advance new arguments that could have made previously and were not. *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003) (holding that "a party who fails to present his strongest case in the first instance generally has no right to raise new theories or arguments in a motion to reconsider.").

Further, Defendants' position is contradicted by the email communications noting the acceptance of settlement offers by McGee/Fuller, Arrington, Pitt, and Price. Indeed, Defendants do not even appear to contest that those settlements were accepted on November 27, 2019, rather Defendants contend that email communications about which settlements were going to be paid on December 10 and which would be "dealt with later" somehow relieved Defendants of their obligation to comply with the settlements by making timely payments. The factual basis on which the Court entered its Order (Doc. 97) remains unchanged. Defendants made settlement offers. Plaintiffs (including McGee/Fuller, Arrington, Pitt, and Price) accepted those offers. Defendants did not pay the settlements when they said they would. McGee/Fuller, Arrington, Pitt, and Price are entitled to a judgment for the amount of the settlement plus the late fees that were included in Defendants' offers of settlement.

## CONCLUSION

For the foregoing reasons, Defendants' motion to reconsider should be denied.

/s/James R. Faucher
James R. Faucher
N.C. State Bar No. 31514
Brown, Faucher, Peraldo & Benson,PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401
Telephone: 336.478.6000
Fax: 336.273.5597
james@greensborolawcenter.com
*Attorney for Plaintiffs*

## **CERTIFICATE OF WORD COUNT**

I hereby certify that the foregoing document complies with the word count limits contained in LR 7.3(d)(1).

This the 10th day of April, 2020.

/James R. Faucher
James R. Faucher
N.C. State Bar No. 31514
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401
Telephone: 336.478.6000
Fax: 336.273.5597
james@greensborolawcenter.com
*Attorney for the Moving Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that the foregoing was filed with the Court and served on the parties via filing with the Court's CM/ECF system which will send notice of the filing to all counsel of record.

Respectfully submitted, this the 10th day of April, 2020.

/s/James R. Faucher
James R. Faucher
N.C. State Bar No. 31514
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401
Telephone: 336.478.6000
Fax: 336.273.5597
james@greensborolawcenter.com
*Attorney for Plaintiffs*