IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADIAHA STRANGE, et al | 1:19-CV-321 |
| AISHA PHILLIPS, et al | 1:19-CV-325 |
| ADRIAN NICHOLSON, et al | 1:19-CV-519 |
| AMELIA GREEN, et al | 1:19-CV-670 |
| ASIA ARCHIE, et al | 1:19-CV-575 |
| ALEXIS CANNON, et al | 1:19-CV-823 |
| Plaintiff, | **BRIEF IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT** |
| v. | |
| SELECT MANAGEMENT RE-SOURCES, LLC, et al | |
| Defendants. | |

Plaintiff Kenneth McNeil, pursuant to LR 7.2 submits this brief in support of his motion to confirm arbitration award and enter judgment.

## NATURE OF THE MATTER BEFORE THE COURT

The Court ordered Kenneth McNeil's predatory lending claims against Defendant Anderson Financial Services, LLC to arbitration. (Doc. 62) That arbitration has occurred and an award was entered. (Award Attached as Exhibit A.) This matter is before the Court on Plaintiff Kenneth McNeil's motion to confirm the Award and enter judgment.

# STATEMENT OF THE FACTS

Plaintiff Kenneth McNeil filed suit against Defendants on February 8, 2019 (Doc. 1-1). Plaintiff's claims against Anderson Financial Services, LLC were ordered to arbitration. (Doc. 62) An evidentiary arbitration hearing was held on April 1, 2021 before arbitrator John A. Bonello. (Exhibit A, p. 1) On April 15, 2021 Arbitrator Bonello entered a Final Award concluding that Anderson's loan to McNeil is in violation of the North Carolina Consumer Finance Act and the loan is void under N.C. Gen. Stat. § 53-166(d). *Id.* at 2. The Award further provided that "LoanMax shall not collect, receive, or retain any principal or charges whatsoever with respect to the loan, and LoanMax's lien on McNeil's vehicle title is stricken." *Id.* at 2. Arbitrator Bonello rejected Anderson Financial Services, LLC's defenses, including a defense that N.C. Gen. Stat. § 53-190 is unconstitutional as applied to McNeil. *Id.* at 2. All other claims and counterclaims were denied. *Id.* at 2.

# QUESTION PRESENTED

Should the Court confirm the Arbitration Award?

# ARGUMENT

The Court should confirm the Award. 9 U.S.C. § 9 provides as follows:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within

one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, ***and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title***. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

(Emphasis added.)

McNeil and Anderson agreed that "Judgment upon the award given by the arbitrator may be entered in any court having jurisdiction." (Doc. 33-2, p. 3, ¶ j.). The award has not been vacated, modified or corrected as provided in section 10 or 11 of the Federal Arbitration Act (nor do grounds exist to do so), therefore the Court must confirm the award.

## CONCLUSION

For the reasons set forth herein, and in the Award, Plaintiff Kenneth McNeil respectfully request that the court enter an order confirming the Award and that the Court enter Judgment in favor of McNeil as set forth in

the Award and that the Judgment provide that Anderson is required to release the lien on the title of McNeil's vehicle.

This the 15th day of April, 2021.

/s/James R. Faucher
James R. Faucher
N.C. State Bar No. 31514
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401
Telephone: 336.478.6000
Fax: 336.273.5597
Email:james@greensborolawcenter.com

*Attorney for Plaintiff Kenneth McNeil*

# CERTIFICATE OF COMPLIANCE WITH LR 7.3

The undersigned certifies that this brief complies with the word count limitations set forth in LR 7.3.

/s/James R. Faucher
James R. Faucher
N.C. State Bar No. 31514
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401
Telephone: 336.478.6000
Fax: 336.273.5597
Email:james@greensborolawcenter.com

*Attorney for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned counsel of record for Plaintiffs certifies that the foregoing was filed with the Court and served on the parties via filing with the Court's CM/ECF system which will send notice of the filing to all counsel of record.

Respectfully submitted, this the 15th day of April, 2021.

/s/James R. Faucher
James R. Faucher
N.C. State Bar No. 31514
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401
Telephone: 336.478.6000
Fax: 336.273.5597
Email:james@greensborolawcenter.com

*Attorney for Plaintiffs*