# AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between:

*Kenneth Nathaniel McNeil*
-and-
*Anderson Financial Services LLC LoanMax*

CASE NUMBER: 01-20-0000-2568

# FINAL AWARD

I, John A. Bonello, Esq., THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the parties, each represented by counsel, at an evidentiary hearing held on April 1, 2021, do hereby, AWARD, as follows:

This dispute arises from a December 5, 2018 loan transaction between Claimant Kenneth Nathaniel McNeil ("McNeil") and Respondent Anderson Financial Services, LLC LoanMax ("LoanMax") in which McNeil executed a Motor Vehicle Title Loan & Security Agreement for $7,520.00 with an annual percentage rate of 194%. McNeil, the recipient of the loan, seeks a declaration that the loan is void, that he owes nothing to LoanMax, and that the lien on his vehicle title is stricken. McNeil also claims that LoanMax's actions are an unfair trade practice under Chapter 75 of the North Carolina General Statutes, and that he is therefore entitled to attorneys' fees. Alternatively, McNeil claims he is entitled to relief from LoanMax's claimed security interest pursuant to North Carolina General Statutes § 24-2. Alternatively, McNeil seeks damages and attorneys' fees under the Virginia Consumer Protection Act.

LoanMax has filed counterclaims against McNeil. In its counterclaims, LoanMax seeks a declaratory judgment declaring that LoanMax's loan activities with respect to McNeil's claims do not subject the loan to the North Carolina Consumer Finance Act § 53-164, et. seq., Chapter 24 of the North Carolina General Statutes, or the North Carolina Unfair and Deceptive Trade Practices Act § 75-1.1, et. seq., or in the alternative, that North Carolina General Statutes § 53-190 violates the United States Constitution, Article I, § 8, cl. 3, and is therefore unconstitutional because it purports to govern contracts entered into outside the state of North Carolina. LoanMax also asserts a counterclaim for breach of contract based upon McNeil's failure to make payments under the loan agreement.

A videoconference hearing on the Zoom platform was held on April 1, 2021 by agreement of the parties. James R. Faucher of Brown, Faucher, Peraldo & Benson, PLLC appeared on behalf of McNeil and Melanie Black Dubis of Parker Poe Adams & Bernstein LLP appeared on behalf of LoanMax. At the hearing, the following witnesses provided testimony: McNeil, Scherrie Davis, Karrina McNeil, and John McCloskey. At the conclusion of the hearing, the parties were asked whether they had any further proofs to offer or witnesses to be heard and they provided a negative reply.

Based upon the evidence presented at the hearing, I find that North Carolina General Statute § 53-190(a) has been triggered because a loan contract was made between McNeil, a North Carolina resident, and LoanMax outside of North Carolina in the amount or of the value of fifteen thousand dollars ($15,000) or less, for greater consideration or charges than are authorized by North Carolina General Statutes §§ 53-173 and 53-176. I also find that the exception set forth in North Carolina General Statute § 53-190(a) does not apply because, at the very least, contractual activity discussions occurred between McNeil and LoanMax in North Carolina. Also, those contractual activity discussions occurred before the parties executed the Motor Vehicle Title Loan & Security Agreement. To the extent I have any authority to rule on the constitutionality of North Carolina General Statute § 53-190, I find that the statute is not unconstitutional as to McNeil. Thus, the loan to McNeil is in violation of the North Carolina Consumer Finance Act and the loan is void under North Carolina General Statutes § 53-166(d). LoanMax shall not collect, receive, or retain any principal or charges whatsoever with respect to the loan, and LoanMax's lien on McNeil's vehicle title is stricken. I deny McNeil's request for attorneys' fees under North Carolina General Statutes § 75-16.1 as those fees are discretionary and McNeil has not sufficiently established the necessary facts for an award of attorneys' fees. Given my ruling, there is no need for me to address McNeil's alternative arguments. LoanMax's counterclaims are denied based upon the foregoing.

This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims and counterclaims not expressly granted herein are hereby, denied.

The administrative fees of American Arbitration Association (AAA) totaling $2,495.00 and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred.

I, John Bonello, do hereby affirm upon my oath as Arbitrator that I am the individual in and who executed this instrument which is my Award.

4/14/21
Date

*John Bonello* (signature)
John A. Bonello, Esq.