IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ADIAHA STRANGE, et al<br>AISHA PHILLIPS, et al<br>ADRIAN NICHOLSON, et al<br>AMELIA GREEN, et al<br>ASIA ARCHIE, et al<br>ALEXIS CANNON, et al<br><br>Plaintiff,<br><br>v.<br><br>SELECT MANAGEMENT RE-SOURCES, LLC, et al<br><br>Defendants. | 1:19-CV-321<br>1:19-CV-325<br>1:19-CV-519<br>1:19-CV-670<br>1:19-CV-575<br>1:19-CV-823<br><br><br>**<u>EDWARD BLAKELY'S RESPONSE TO ANDERSON FINANCIAL SERVICE, LLC'S MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT</u>** |

Plaintiff Edward Blakely, pursuant to LR 7.2, submits this Response to Anderson Financial Service, LLC's motion to confirm arbitration award and enter judgment. Blakely does not oppose confirmation of the Award entered by Arbitrator Michael Glasser. However, Blakely does oppose the motion to the extent it seeks to enter judgment in a manner that is inconsistent with the Award.

## <u>FACTS</u>

An arbitration proceeding was conducted in response to the Court's order. In that proceeding, Blakely submitted a detailed statement of claim (attached hereto as Exhibit A); Anderson Financial Service, LLC submitted

an Answer and Counterclaim (attached hereto as Exhibit B); and Blakely submitted a Reply to that Counterclaim (attached as Exhibit C).

In its Answer and Counterclaim, Anderson Financial Service, LLC asserted the following claims:

1. <u>Declaratory Relief</u>: that "Anderson is entitled, under 28 U.S.C. § 2201 and F.R.C.P. 57 to a declaratory judgment that Anderson's loan activities with respect to the Claimant's claims do not subject the loan to the North Carolina Consumer Finance Act § 53-164, et seq., Chapter 24 of the North Carolina General Statutes, or the North Carolina Unfair and Deceptive Trade Practices Act § 75-1.1, et seq., or in the alternative, that N.C. Gen. Stat. § 53-190 is in violation of the United States Constitution, Article I, § 8, cl. 3, (the "Commerce Clause") and therefore unconstitutional because it purports to govern contracts entered into outside the State of North Carolina.; (Ex. B, p 9-10)

2. <u>Breach of Contract</u>, including that "Anderson is entitled, therefore, to exercise its rights under the terms of the agreement and those given by law including, without limitation, to repossess and sell Claimant's vehicle and, if applicable, recover from Claimant any amount still outstanding on Claimant's loan after applying the proceeds of the sale." (Ex. B, p 10)

Anderson sought the following in its prayer for relief:

1. Deny the relief sought in Claimant's detailed statement of claims;

2. A declaratory judgment declaring that Anderson's loan activities with respect to the Claimant's claims do no (sic) subject the loan to the North Carolina Consumer Finance Act § 53-164, et seq., Chapter 24 of the North Carolina General Statutes, or the North Carolina Unfair and Deceptive Trade Practices Act § 75-1.1, et seq.;

3. In the alternative, a declaratory judgment declaring that N.C. Gen. Stat. § 53-190 is in violation of the United States Constitution, Article I, § 8, cl. 3, (the "Commerce Clause") and therefore unconstitutional because it purports to govern contracts entered into outside the State of North Carolina;

4. Monetary relief in an amount to be proven at hearing, to the extent such recovery is permitted by law;

5. Interest and costs as permitted by law;

5. (sic) Attorneys' fees as permitted by law; and

6. Award Anderson such other and further relief as the arbitrator deems just and proper.

The arbitrator determined that the title loan agreement at issue was a valid and enforceable agreement under Virginia law. (Doc. 125-1, p 2) The Arbitrator also found that Claimant shall recover nothing from Anderson. (Doc. 125-1, p 2) Lastly, the arbitrator determined that all other claims not expressly granted in the Award are denied. (Doc. 125-1, p 2).

## ARGUMENT

Blakely respectfully disagrees with the Arbitrator's determination that

the Agreement is a valid and enforceable agreement under Virginia law, as well as the determination that Blakely shall have and recover nothing from Anderson Financial Services, LLC's. However, Blakely recognizes the deferential standard that Courts apply to arbitration awards. *See, e.g., Astanza Design, LLC v. Giemme Stile, S.P.A.*, 220 F.Supp.3d 641 (M.D.N.C. 2016). Blakely has not moved to vacate the Award.

The Court, however, should confirm the Award and no more. The Arbitrator's award found that the Agreement is a valid and enforceable agreement under Virginia law and that Blakely shall recover nothing from Claimant. The arbitrator did not make any other Award to any party. To the contrary, the Arbitrator denied all other claims that were not expressly granted in the Award. The arbitrator denied Anderson's claim for declaratory relief to the extent that it sought any declaration other than that the Agreement is a valid and enforceable agreement under Virginia law, including the declaration sought about North Carolina law and the Commerce Clause. The arbitrator denied Anderson's claim for monetary relief and its claim that it may repossess and sell Blakely's vehicle. (Doc. 125-1, p 2).

Therefore, the Court's order confirming the Award (as well as any judgment) should confirm only what was awarded, and should dismiss all

claims not expressly granted in the Award, including Anderson's counterclaims. The judgment should reflect only that Blakely's Agreement with Anderson is a valid and enforceable agreement under Virginia law and the Claimant shall recover nothing from Anderson. All other claims asserted by Blakely and Anderson should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enter its order and judgment as set forth herein.

This the 24th day of May, 2021.

<u>/s/James R. Faucher</u>
James R. Faucher
N.C. State Bar No. 31514
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401
Telephone: 336.478.6000
Fax: 336.273.5597
Email:james@greensborolawcenter.com

*Attorney for Plaintiff Edward Blakely*

# **CERTIFICATE OF COMPLIANCE WITH LR 7.3**

The undersigned certifies that this brief complies with the word count limitations set forth in LR 7.3.

Respectfully submitted, this the 24th day of May, 2021.

/s/James R. Faucher
James R. Faucher
N.C. State Bar No. 31514
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401
Telephone: 336.478.6000
Fax: 336.273.5597
Email:james@greensborolawcenter.com

*Attorney for Edward Blakely*

## **CERTIFICATE OF SERVICE**

The undersigned counsel of record for Plaintiffs certifies that the foregoing was filed with the Court and served on the parties via filing with the Court's CM/ECF system which will send notice of the filing to all counsel of record.

Respectfully submitted, this the 24th day of May, 2021.

/s/James R. Faucher
James R. Faucher
N.C. State Bar No. 31514
Brown, Faucher, Peraldo & Benson, PLLC
822 N. Elm St., Suite 200
Greensboro, NC 27401
Telephone: 336.478.6000
Fax: 336.273.5597
Email:james@greensborolawcenter.com
*Attorney for Edward Blakely*