## AMERICAN ARBITRATION ASSOCIATION

### Consumer Arbitration

In the Matter of the Arbitration between:

Krissa Dempsey Haley             Claimant

-vs-                                                   AAA Case Number 01-20-0000-2605

Anderson Financial Services, LLC     Respondent
LoanMax

### AWARD OF ARBITRATOR

I, Robert S. Culpepper, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration provision of the contract (Motor Vehicle Title Loan and Security Agreement) between Claimant and Respondent dated February 27, 2019; and having been duly sworn, and the Evidentiary Hearing in this matter having been held on August 31, 2021 by videoconference, with the Claimant being represented by James R. Faucher, Esq., and the Respondent being represented by Jaelyn D. Miller, Esq., and having reviewed all the testimony and exhibits presented therein and subsequent to the hearing, as well as the Memorandums of Law submitted by the Claimant and the Respondent, do hereby FIND and AWARD as follows:

1. <u>Respondent is subject to the Requirements of N.C.G.S.- Section 53-190 (a) & (b) (Loans made elsewhere).</u>

It is clear to your arbitrator from the evidence presented that a number of the essential activities regarding Respondent's loan contract with Claimant occurred in North Carolina. The phone conversation(s) Claimant and her husband had from North Carolina with Respondent in Virginia, the filing of a lien on Claimant's vehicle as part of the loan agreement in the office of the Division of Motor Vehicles in North Carolina, and the coupons, either given directly to Claimant or mailed to her, offering cash for her to get other North Carolina residents to sign on with Respondent. In addition, under the terms of the loan contract and vehicle lien, Respondent had the right to go into North Carolina to repossess Claimant's vehicle upon default or breach of the loan contract. These activities involving North Carolina are more than sufficient to prevent Respondent from being excluded from the requirements of Section 53-190 (a) & (b) referred to above, regarding limitations on consideration and charges made on loans in accordance with N.C.G.S Section 53-176. And since the usurious 250.90% interest rate or finance charge under

the loan contract involved is clearly outside of the limits set forth in N.C.G.S. Section 53-176, your arbitrator finds that Claimant is entitled to a ruling in accordance with N.C.G.S. Section 53-166(d) that the loan contract is void and that Respondent should return (as compensatory damages) any and all payments made ($506.66).

2. <u>Your arbitrator further finds that the "choice of law" provision in the loan contract as well as the dormant Commerce Clause are not applicable in this case and do not invalidate the enforcement of North Carolina law under the terms of N.C.G.S. Section 53-190 (a) & (b) (and all other terms of the North Carolina Consumer Finance Act).</u>

Regarding the "choice of law" provision of the loan contract, reference is made to page 8 of Claimant's Initial Prehearing Brief- "North Carolina courts do not enforce choice of law provisions where the choice would violate a fundamental policy of (North Carolina) of otherwise applicable law." It is submitted that the drafter(s) of the loan contract in question knew full well that the contract would be declared void at the outset if North Carolina law applied so they included the choice of law clause to require the application of Virginia law instead. This is a deceptive practice designed to get around North Carolina's fundamental policy and set of laws enacted for the purpose of protecting its citizens from usurious loans and should not be given any effect.

And with regard to the dormant Commerce Clause, as is noted in Claimant's Rebuttal Brief at page 6, "A threshold requirement for the application of the dormant Commerce Clause is that the activity sought to be regulated is wholly extraterritorial". In this case, as previously discussed, several important activities regarding the loan contract occurred in North Carolina, thus the transaction to be regulated by N.C.G.S Section 53-190 and the other provisions of the N.C. Consumer Finance Act is not wholly extraterritorial so the dormant Commerce Clause does not apply. In addition, "the statute does not dictate what interest rates Defendant (Respondent in this case) may charge its borrowers in other states nor does it require Defendant to lend in other states at the rates of interest required by North Carolina law. Rather N.C.G.S. Section 53-190 governs Defendant's loans *only* when Defendant chooses to enter into the State of North Carolina for the purpose of engaging in conduct and activities that further its lending business" (at page 12 of Claimant's Initial Prehearing Brief).

3. <u>Claimant is entitled to recover Treble damages and Attorney Fees under the North Carolina Unfair and Deceptive Trade Practices Act (N.C.G.S Section 75.1 et seq.).</u>

Your arbitrator finds that the practices and activities of Respondent involved in the usurious loan contract transaction in this case are deceptive and unfair and constitute a violation of Section 75.1 et seq. In addition, previous cases in North Carolina involving the same and similar issues confirm as a matter of law that a violation of Chapter 53(Consumer Finance Act), in and of itself, qualifies as a violation of Section 75.1 et seq. -See State of NC v, NCCS Loans, 624 S.E. 2d 371, 378, 174 N.C. App 630 (2005) & Stanley v. Moore, 339 N.C. 717, 723, 454 S.E.2d 225, 228 (1995). As a result of Respondent's violation of Section 75.1 et seq., Claimant is entitled to Treble Damages under Section 75-16. Based on the damages awarded Claimant for

Respondent's violation of Section 53-176 in the amount of $506.66, the Treble Damages amount to be awarded Claimant is $1,519.98.

With regard to an Award of Attorney Fees, your arbitrator finds, in accordance with Section 75-16.1, that Respondent has violated Section 75.1 et seq.; that the fees submitted by Claimant's Counsel in the amount of $6,930.00 are reasonable; and that Respondent has refused to fully resolve the matter (or for that matter made any attempt to resolve the matter) which forms the basis of this arbitration. It is submitted by your arbitrator that this refusal to resolve was unwarranted given the circumstances and outcome of this case and the status of the law involved in this case and many other similar cases. Most of the activities surrounding the loan to this North Carolina resident were intentionally designed and willfully carried out to do an end run around the interest rate laws of North Carolina – requiring the loan closing to be held in Virginia, attempting to use a Virginia choice of law clause, soliciting North Carolina residents through existing customers with coupons, not advising North Carolina residents that the loan is illegal in North Carolina, etc. With these types of ongoing deceptive practices, it is submitted that Respondent had no intention to resolve the matter at hand. The Respondent has violated the North Carolina Consumer Finance Act and the North Carolina Unfair and Deceptive Trade Practices Act and consequently an Award of Attorney Fees to the consumer Claimant in this case is appropriate.

4. <u>In Summary, the AWARD in this case is as follows</u>:

   a. The loan contract between Claimant and Respondent is hereby declared void pursuant to N.C.G.S. Section 53-166(d).
   b. The Claimant is entitled to compensatory damages under the North Carolina Consumer Finance Act in the amount of $506.66.
   c. The Claimant is Awarded the sum of $1,519.98 in Treble Damages ($506,66 x 3) pursuant to N.C.G.S. Section 75-16, to be paid by Respondent to Claimant within thirty (30) days from the date of this Award.
   d. The Claimant is Awarded the sum of $6,930.00 for Attorney Fees pursuant to N.C.G.S. Section 75-16.1, to be paid by Respondent to Claimant within thirty (30) days from the date of this Award.
   e. The administrative fees of the American Arbitration Association totaling $2,495.00 shall be borne as incurred, and the compensation of the arbitrator totaling $2,500.00 shall be borne as incurred.
   f. This Award in is full settlement of all claims and counterclaims submitted to this Arbitration. All claims and counterclaims not expressly granted herein are hereby denied.

9/29/21
Date

Robert S. Culpepper
Arbitrator